THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| OSCAR ARREOLA, | ) CIVIL NO. 2:08-00805 JMS |
|---|---|
| Plaintiff, | ) ORDER (1) DISMISSING |
| | ) COMPLAINT IN PART AND |
| vs. | ) (2) DIRECTING SERVICE |
| G. DUDLEY et al., | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER (1) DISMISSING COMPLAINT IN PART AND (2) DIRECTING SERVICE

On April 15, 2008, pro se prisoner Plaintiff Oscar Arreola ("Plaintiff") filed a Complaint against Defendant Dr. G. Dudley ("Dr. Dudley"), his prison assigned physician and the California Department of Corrections and Rehabilitation ("CDCR") (collectively, "Defendants") alleging violations of his constitutional rights and various state law claims for Defendants' failure to properly and timely treat his hepatitis-c. Plaintiff is currently incarcerated at High Desert State Prison ("HDSP") in Susanville, California. Based on the following, the court DISMISSES in part Plaintiff's Complaint and DIRECTS SERVICE on Defendant Dr. Dudley.

## I. BACKGROUND

Although not entirely clear, Plaintiff alleges that Defendants' deliberate indifference to his medical needs violated 42 U.S.C. § 1983.  Plaintiff also claims that Defendants' actions constituted "gross negligence" and that "Defendants have inflicted upon the Plaintiff . . . wanton infliction of emotional distress."  Compl. at unmarked page 18.  Specifically, Plaintiff alleges that the Defendants have: (1) failed to make a policy or to take affirmative action to prevent the transmission of hepatitis-c at HDSP, *id.* at unmarked pages 5-6, 14; (2) refused to treat Plaintiff for hepatitis-c beginning or around January 2007 to the present, *id.* at unmarked pages 6, 10-13; and (3) that Dr. Dudley lied to Plaintiff about his hepatitis-c test results.  *Id.* at unmarked pages 6, 12.  Plaintiff requests compensatory and injunctive relief.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), the court must screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental agency.  The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that (1) are legally frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Franklin*, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

///

///

///

### III. **DISCUSSION**

Plaintiff brings a § 1983 claim and various state law claims against Dr. Dudley, his prison assigned physician, and the CDCR. The court addresses his claims against each Defendant below.

### A.     **Plaintiff's Claims Against the CDCR**

The CDCR is entitled to Eleventh Amendment immunity and, therefore, is not a proper Defendant.

Under the Eleventh Amendment of the Constitution of the United States, neither a state nor one of its agencies may be sued in federal court without its consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A state department of corrections is a state agency that is entitled to Eleventh Amendment immunity. *See Alabama v. Pugh*, 438 U.S. 781, 782 (per curiam) (1978) (concluding that Alabama Board of Corrections was entitled to Eleventh Amendment immunity unless Alabama consented to filing of suit); *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993). Further, because a state department of corrections is an arm of the state entitled to Eleventh Amendment immunity, it is *not* a person for purposes of § 1983. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (stating that government entity considered an arm of the state for Eleventh Amendment purposes is not a "person" under

4

§ 1983); *Hale*, 993 F.2d at 1399 (concluding that Arizona Department of Corrections is an arm of the state entitled to Eleventh Amendment immunity and, thus, not a "person" within meaning of § 1983); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (stating same); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating an entity with Eleventh Amendment immunity is not a "person" under § 1983).[1]

Because the CDCR is immune from suit, all of Plaintiff's claims against the CDCR are DISMISSED WITHOUT LEAVE TO AMEND.

**B.    Plaintiff's Claims Against Dr. Dudley on Behalf of Other Inmates**

It appears that Plaintiff may bring his claims against Dr. Dudley on behalf of himself and all CDCR prisoners.  As a pro se litigant, Plaintiff has no authority to represent anyone other than himself.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1997) (stating that non-attorney may appear only on her own behalf). Thus, to the extent Plaintiff makes a claim against Dr. Dudley on behalf of CDCR

---

[1] The court recognizes that there is an exception to Eleventh Amendment immunity when a plaintiff sues a state official in his or her official capacity for prospective injunctive or declaratory relief.  *See Ex Parte Young*, 209 U.S. 123 (1908).  The *Ex Parte Young* exception is inapplicable, however, to suits against state agencies as opposed to state officials.  *See In Re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) ("[A]gencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (citation and quotation signals omitted).

inmates other than himself, his Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

## C. Plaintiff's Claims against Dr. Dudley on His Own Behalf

Plaintiff's allegations against Dr. Dudley brought on his own behalf state a claim and shall proceed, subject to future adversary proceedings.

## D. Warnings

### 1. *Address Changes*

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Eastern District of California's Local Rules of Civil Procedure ("Local Rules"). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### 2. *Copies*

Plaintiff must submit an additional copy of every filing for use by the court. *See* Local Rule 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### 3. *Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating that a

district court may dismiss an action for failure to comply with any order of the court).

## IV.  CONCLUSION

Based on the above, the court DISMISSES the Complaint IN PART for failure to state a claim pursuant to 28 U.S.C. § 1915A.  The court further ORDERS as follows:

1. Plaintiff has failed to state a claim against Defendant CDCR.  Plaintiff's claim against the CDCR is DISMISSED WITHOUT LEAVE TO AMEND.

2. Plaintiff has failed to state a claim against Dr. Dudley on behalf of CDCR prisoners other than himself.  Plaintiff's claims on behalf of other CDCR prisoners are DISMISSED WITHOUT LEAVE TO AMEND.

3. Plaintiff has stated a claim against Defendant Dr. Dudley on his own behalf and this claim shall proceed.  Service is thereby appropriate for Defendant Dr. Dudley.

4. The court DIRECTS the Clerk of Court to send Plaintiff a copy of this Order, one USM-285 form, one summons, an instruction sheet, and one copy of the Complaint filed April 15, 2008.

5. By **March 9, 2009**, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed, signed Notice of Submission of Documents;

      b.      One completed summons;

      c.      One completed USM-285 form for each defendant listed in number 3 above; and

      d.      Two copies of the endorsed Complaint filed April 15, 2008.

6.      Plaintiff need not attempt service on Defendant and need not request waiver of service.  Upon receipt of all the documents listed in number 5, the court will direct the Clerk of Court to forward the completed forms to the United States Marshal to serve on the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7.      Plaintiff's failure to comply with this Order may result in automatic dismissal of this action.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, February 9, 2009.



      /s/ J. Michael Seabright
      J. Michael Seabright
      United States District Judge

*Arreola v. Dudley et al.*, Civ. No. 2:08-00804 JMS, Order (1) Dismissing Complaint in Part and (2) Directing Service

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR ARREOLA,

    Plaintiff,                      CIVIL NO. 2:08-00805 JMS

   vs.

G. DUDLEY et al.,                  NOTICE OF SUBMISSION

    Defendants.              OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____    completed summons form

    ____    completed USM-285 forms

    ____    copies of the _____
                            Complaint/Amended Complaint

DATED:

                                    _____
                                    Plaintiff