THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ARREOLA, | ) CIVIL NO. 2:08-00805 JMS |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION |
| vs. | ) |
| | ) |
| G. DUDLEY et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

## **ORDER DENYING PLAINTIFF'S MOTION**

On August 31, 2009, pro se prisoner Plaintiff Oscar Arreola ("Plaintiff") filed a motion requesting more time in the law library ("Plaintiff's Motion").[1]  For the reasons set forth below, Plaintiff's Motion is DENIED.

Plaintiff states that he is "having difficulty getting into the law library to do [his] legal research" on this matter because Tallahatchie only provides inmates access to the law library once a week.  *See* Pl.'s Mot. 1.  It appears that Plaintiff has access to the law library on Thursdays from 8:00 a.m. to 4:00 p.m.  *See id.* 2.  Plaintiff complains that this is insufficient in comparison to the

---

[1] When Plaintiff initiated this action he was incarcerated at High Desert State Prison in Susanville, California.  Currently, he is incarcerated at Tallahatchie Correctional Facility ("Tallahatchie") in Mississippi.

California law libraries, which he claims "lets inmates into the law library every day from [8:00 a.m. to 5:00 p.m.] Monday [through] Friday[.]" *See id.*

First, Tallahatchie is not a party to this case, and therefore is not bound by an order of this court in this matter. *See Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."). Put simply, the court "has no power to adjudicate a personal claim or obligation" against Tallahatchie. *Id.*

Further, Plaintiff has failed to explain how his current level of access to the prison law library -- an apparent eight hours of library time once a week -- has resulted in a lack of access to the courts. Inmates have "'a fundamental constitutional right of access to the courts [which] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries[.]'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995). Inmates, however, do not have "an abstract, freestanding right to a law library or legal assistance." *Lewis*, at 351; *see also Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994) (stating that "there is no

2

established minimum requirement [of library time] for satisfying the access requirement" in *Bounds*). Accordingly, to state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also id.* In other words, a plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program *hindered his efforts to pursue a legal claim.*" *Lewis*, 518 U.S. at 351 (citing *Bounds*, 430 U.S. at 823) (emphasis added).

Plaintiff has made no such showing. To the contrary, the court has determined that Plaintiff's Amended Complaint states a cognizable claim for relief against Defendant Dr. G. Dudley ("Dudley") and directed the U.S. Marshal to serve Dudley with the Amended Complaint. As such, Plaintiff is not entitled to the relief he seeks.[2]

///

///

---

[2] In any event, considering Dudley has not yet been served, Plaintiff's eight hours of access to the law library once a week is more than sufficient to provide him meaningful access to the courts at this time. *See Vandelft v. Moses*, 31 F.3d 794, 796-97 (9th Cir. 1994) ("[A] reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access" which requires, in part, that plaintiff show that access "was so limited as to be unreasonable"); *see also Armstrong v. Scribner*, 2008 WL 268974 (S.D. Cal. Jan. 30, 2008) (citing cases with approval finding no denial of access to courts where prisoner could access law library for one to two hours per week).

The court therefore DENIES Plaintiff's Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 2, 2009.



```
 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*Arreola v. Dudley et al.*, Civ. No. 2:08-00805 JMS, Order Denying Plaintiff's Motion