THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ARREOLA, | ) CIVIL NO. 2:08-00805 JMS |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION FOR RECONSIDERATION |
| vs. | ) OF THE COURT'S SEPTEMBER 2, |
| | ) 2009 ORDER |
| G. DUDLEY et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 2, 2009 ORDER

On August 31, 2009, pro se prisoner Plaintiff Oscar Arreola ("Plaintiff") filed a motion requesting more time in the law library ("Plaintiff's Motion").[1] On September 2, 2009, the court denied Plaintiff's Motion because (1) Tallahatchie is not a party to this action and therefore is not bound by an order of this court in this action; and (2) Plaintiff has failed to explain how his current level of access to the prison law library -- an apparent eight hours of library time once a week -- has resulted in a lack of access to the courts.

---

[1] When Plaintiff initiated this action he was incarcerated at High Desert State Prison in Susanville, California. Currently, he is incarcerated at Tallahatchie Correctional Facility ("Tallahatchie") in Mississippi.

Currently before the court is "Plaintiff's Response to Court's Denial for More Time in the Law Library." Plaintiff contends that: (1) he is entitled to more library time due to a contract between the State of California and the Corrections Corporation of America; (2) the law library does not include materials that, pursuant to the contract, Tallahatchie must make available. The court construes this document as a Motion for Reconsideration and rejects Plaintiff's arguments based on the following.

Generally stated, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, --- F. Supp. 2d ---, 2009 WL 2475000, at *5 (E.D. Cal. Aug. 11, 2009) (citing *Sch. Dist. No. 1J Multnomah County, Oregon v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* E.D. Cal. L.R. 78-230(k). Motions to reconsider are not "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented," *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D.Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998), and a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier. *Caroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Plaintiff's arguments do not convince the court that its previous order is in error. As an initial matter, Plaintiff has provided additional evidence, but this evidence does not appear to be newly discovered and Plaintiff could have provided it with his original motion. Further, even if the court considered this new evidence as suggesting that the court's previous order was in error, none of it establishes that Plaintiff requires more time in the law library to pursue his claims in this action.[2] Finally, Plaintiff has not argued that there are any particular materials lacking from the law library that he needs to move forward in his case. Indeed, given that the court has only recently screened the amended complaint and the defendant has not yet been served, Plaintiff has failed to explain why he needs

///

///

///

///

///

///

///

---

[2] The court notes that to the extent Plaintiff believes he has a claim against Tallahatchie based on his lack of library access, he cannot pursue such claim in this action.

additional time in the law library.

      The court therefore DENIES Plaintiff's Motion for Reconsideration.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, October 9, 2009.



      /s/ J. Michael Seabright
      J. Michael Seabright
      United States District Judge

*Arreola v. Dudley et al.*, Civ. No. 2:08-00805 JMS, Order Denying Plaintiff's Motion for Reconsideration