## THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR ARREOLA, | ) | CIVIL NO. 2:08-00805 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR JUDGMENT ON THE |
| vs. | ) | PLEADINGS, OR IN THE |
| | ) | ALTERNATIVE, AN |
| G. DUDLEY, | ) | UNENUMERATED MOTION TO |
| | ) | DISMISS |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, AN UNENUMERATED MOTION TO DISMISS

## I. INTRODUCTION

On April 15, 2008, pro se Plaintiff Oscar Arreola ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 5, 2010, Defendant G. Dudley ("Defendant") filed a Rule 12(c) Motion for Judgment on the Pleadings or, in the alternative, an Unenumerated Rule 12(b) Motion to Dismiss ("Defendant's Motion"). Defendant argues that Plaintiff fails to state a claim because his cause of action arises out Defendant's review of his administrative appeal, which cannot give rise to a claim. In the alternative, Defendant argues that Plaintiff failed to properly exhaust his administrative appeals against Defendant. Contrary to Defendant's assertions, Plaintiff states a claim arising out of Defendant's failure to respond to

requests for medical treatment, and he has fully exhausted this claim.  Therefore, for

the following reasons, the court DENIES Defendant's Motion.

## II. <u>BACKGROUND</u>

### A.    Factual Background

In 2005, Plaintiff was diagnosed with Hepatitis C while incarcerated at

Centinela State Prison.  Compl. at 8; *id.* Ex. A at 3.[1]  On February 18, 2006,

Plaintiff was transferred to the High State Desert Prison in Susanville, California.

*Id.* at 10.  Between January and March of 2007, Plaintiff alleges that he "submitted

medical forms for treatment for his Hepatitis C" to officials at High Desert State

Prison.  *Id.* at 10.

On April 30, 2007, after failing to receive a response regarding his

request for treatment, Plaintiff filed a Inmate Appeal Form 602 (the "April 30

grievance").  Form 602 requires an inmate to "describe the problem" and "request a

solution."  *Id.* Ex. F at 3.  In the first space provided, Plaintiff noted that he had

submitted forms requesting treatment for Hepatitis C and that the medical staff had

failed to respond.  *Id.*  Plaintiff then requested treatment in the form of

peginterferon.  *Id.*

---

[1]  The Complaint and exhibits are unnumbered, but the court counts their pages
sequentially.

In this action, Plaintiff alleges that at the time he filed the April 30 grievance Defendant was "his so[le] provider and health care physician[]." *Id.* at 5. In response to a request for clarification from the court, Plaintiff further explained that he alleges that Defendant was his medical care provider in High State Desert Prison because she was responsible for the medical care in A-Yard where Plaintiff was housed and where he submitted requests for medical treatment. Pl.'s Supp. Opp'n at 2.

On June 11, 2007, Defendant interviewed Plaintiff as part of his first level administrative appeal regarding the April 30 grievance. Compl. at 11. At this meeting, Plaintiff allegedly repeated his request for peginterferon. Plaintiff alleges that, during this interview, Defendant told him "[his other doctor] was wrong, and advised plaintiff not to worry [because] he does not have Hepatitis C." *Id.*

On June 12, 2007, Plaintiff's April 30 grievance was denied.[2] *Id.* Ex. F at 6. Plaintiff then sought a second level review of the denial of his April 30 grievance. In explaining his reason for seeking a second level review, Plaintiff wrote "the family doctor . . . confirmed I had [Hepatitis C] and recommended peg interferon shots and now I'm being told [by Defendant] I don't have it." *Id.* Ex. F at

---

[2] Plaintiff bypassed his informal appeal and began the appeals process with his first level interview. *See* Compl. Ex. F at 3.

5.  On September 14, 2007, Plaintiff's second level appeal was also denied, and Plaintiff immediately requested a third level appeal.  *Id.* Ex. F at 4.  On December 26, 2007, Plaintiff's third level appeal was denied.  *Id.* Ex. F at 2.

## B.    Procedural Background

On April 16, 2008, Plaintiff filed the Complaint alleging that Defendant was deliberately indifferent to his medical needs in violation of 42 U.S.C. § 1983.  On April 5, 2010, Defendant filed her Motion.  On May 17, 2010, Plaintiff filed an Opposition.  On May 26, 2010, Defendant filed a Reply.  On June 15, 2010, Plaintiff filed a sur-Reply.  The court requested supplemental briefing, and Plaintiff filed a Supplemental Opposition on July 13, 2010.  Defendant filed a Supplemental Reply on July 16, 2010.  Pursuant to Local Rule 230(l), no hearing was held on this matter.

## III.  STANDARDS OF REVIEW

## A.    Judgment on the Pleadings

A party may make a motion for judgment on the pleadings at any time after the pleadings are closed, but within such time as to not delay the trial.  Fed. R. Civ. P. 12(c).  In considering a Rule 12(c) motion, the court must accept as true all factual allegations in the complaint, and construe them in the light most favorable to the non-moving party.  *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009).  A

motion for judgment on the pleadings should be granted when there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 1950.

Prior to *Iqbal,* the Ninth Circuit recognized that Rule 12(c) motions are virtually identical to Rule 12(b)(6) motions, and applied the same standard of

review to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192
(9th Cir. 1989) (holding that Rule 12(c) and Rule 12(b)(6) motions differ in time of
filing but are otherwise "functionally identical," and applying the same standard of
review). Following *Iqbal*, courts have applied *Iqbal* to Rule 12(c) motions. *E.g.*,
*Wahl v. Am. Sec. Ins. Co.*, 2010 WL 1881126, at *3 (N.D. Cal. May 10, 2010)
(applying the *Iqbal* standard and citing cases); *Point Ruston, L.L.C. v. Pac. Nw.
Reg'l Council of the United Bhd. of Carpenters & Joiners*, 658 F. Supp. 2d 1266,
1273 (W.D. Wash. 2009).

**B.     Failure to Exhaust Under the PLRA**

        The Prison Litigation Reform Act of 1995 ("PLRA") amended 42
U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to
prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until such administrative
remedies as are available are exhausted." Exhaustion in prisoner cases covered by
§ 1997e(a) is a mandatory condition to commencing suit. *Woodford v. Ngo*, 548
U.S. 81, 85 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir.
2002) (per curiam) (providing that exhaustion during the pendency of the litigation
will not save an action from dismissal).

        A defendant has the burden of raising and proving a prisoner's failure

to exhaust.  *Jones v. Bock*, 549 U.S. 199, 212 (2007); *see Brown v. Valoff*, 422 F.3d

926, 936 (9th Cir. 2005); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  A

nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion

rather than in a motion for summary judgment.  *Wyatt*, 315 F.3d at 1119.  In

deciding such a motion, the district court may look beyond the pleadings and decide

disputed issues of fact.  *Id.* at 1119-20.  If a plaintiff has not exhausted their

administrative remedies, the proper remedy is dismissal without prejudice.  *Id.* at

1120.

## IV.  ANALYSIS

Defendant argues that the Complaint should be dismissed because

Plaintiff fails to state a claim, or alternatively, because Plaintiff has failed to exhaust

his administrative remedies.  The court addresses each argument in turn.[3]

## A.    Judgment on the Pleadings

Defendant argues that she is entitled to judgment on the pleadings

because Plaintiff fails to state a claim.  Specifically, Defendant argues that Plaintiff

only complains about his treatment during the appeals process.  Defendant contends

that such allegations are insufficient to state a claim for deliberate indifference

---

[3]  Based on the exhibits to the Complaint, it appears that Plaintiff may be raising nothing
more than a difference of medical opinion between himself and Defendant (that is, whether
peginterferon should be administered).  Defendant has not, however, raised this argument in a
motion for summary judgment, and the court will not do so *sua sponte*.

because the appeals process confers no substantive rights.  For the reasons set forth below, the court disagrees.

The "denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  In order to state a claim for deliberate indifference, a plaintiff must plead facts that show that the responsible medical personnel were aware of a serious medical need and that they denied requests for treatment.  *See Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989) (citing *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988)) (holding that summary judgment was inappropriate when plaintiff set forth facts from which it reasonably could be concluded that defendants were aware of the seriousness of the condition and denied requests for treatment).

Here, Plaintiff has pled facts which state a claim for deliberate indifference to his medical needs.  Although Defendant claims that Plaintiff only complains about his treatment during the appeals process, Plaintiff's Complaint in fact alleges that he submitted a request for treatment to the prison medical department and received no response.  Further, the Complaint alleges that Defendant was his "sole medical care provider" while Plaintiff was incarcerated at

8

High State Desert Prison, Compl. at 5, and Plaintiff clarifies that Defendant was the medical provider at A-Yard, where Plaintiff was housed.  Pl.'s Supp. Opp'n at 2. Together, Plaintiff's allegations assert that Defendant herself, as his sole medical provider, received Plaintiff's request for treatments, learned of his Hepatitis C, and failed to respond.  Accepting these allegations as true and construing them in the light most favorable to Plaintiff, as the court must in a motion for judgment on the pleadings, the court finds that Plaintiff has stated a claim for deliberate indifference against Defendant.

Plaintiff's claim for deliberate indifference encompasses Plaintiff's allegations arising out of Plaintiff's first level interview with Defendant -- including Plaintiff's allegation that Defendant lied to him and told him that he did not have Hepatitis C.  Although only persons who cause or participate in constitutional violations may be held liable for those violations, *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (holding that ruling against a prisoner on an administrative complaint does not cause or contribute to the violation), constitutional violations are not shielded from liability because they occur in part within the context of an administrative interview.  *See Coleman v. Adams*, 2010 WL 2572534, at *7 (E.D. Cal. June 22, 2010) (allowing actions within an administrative interview to survive a motion to dismiss because "Plaintiff's claim is premised on the fact that

Defendants were aware of a substantial risk to his safety and ignored it"); *see also Sevilla v. Terhune*, 2009 WL 1211393, at *6 (E.D. Cal. May 1, 2009) ("If Plaintiff states a cognizable claim against a defendant for deliberate indifference to his serious medical needs, he will likely also be able to state a cognizable claim against defendants with medical training if they reviewed and ruled against Plaintiff in his medical grievances/appeals on that same issue."); *Adams v. Vazquez*, 2009 U.S. Dist. LEXIS 29209, at *12 (E.D. Cal. Apr. 8, 2009) (same).  Defendant's alleged actions during the first level interview, including alleged false statements made, are a part of a larger allegation of deliberate indifference to Plaintiff's medical needs. Thus, Defendant's actions during Plaintiff's first level interview may serve as a part of Plaintiff's claim for deliberate indifference.

Defendant cites *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), for the proposition that the appeals process confers upon inmates no substantive rights.  *Buckley* actually holds, however, that there is no *Fourteenth Amendment liberty interest* created by the prison grievance procedure, and that "the failure to process any of Buckley's grievances, *without more*, is not actionable under section 1983."  *Buckley*, 997 F.2d at 495 (emphasis added); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a

separate constitutional entitlement to a specific prison grievance procedure.");

*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that unpublished

administrative policy statements of the Arizona Department of Corrections in

establishing a grievance procedure created no protected liberty interest).  *Buckley*,

*Ramirez*, and *Mann* do not serve as an absolute bar to liability for actions involving

allegations concerning an administrative interview -- instead, they simply hold that

the administrative appeals process does not create a protected liberty interest.  *See*

*Coleman*, 2010 WL 2572534, at *7.

       Defendant also appears to attack the credibility of Plaintiff's

Complaint by noting that Plaintiff does not provide the specific date that he

submitted requests for medical treatment, and further arguing that Plaintiff's "story

changed" over time as he initially alleged that he submitted these requests between

January and March and later alleged that they were submitted in April.  Def.'s

Supp. Reply at 2-3.  At best, these arguments create, but do not resolve, a dispute

regarding an issue of material fact, and, in any event, the court must construe pro se

complaints liberally, and afford the pro se litigant the benefit of any doubt.

*Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Therefore, judgment on the

pleadings is inappropriate.

In Defendant's Supplemental Reply, she appears to argue that, because the exhibits attached to Plaintiff's Complaint demonstrate that Defendant was a physician's assistant and not a doctor, she did not have the responsibilities Plaintiff alleges.  Def.'s Supp. Reply at 2.  Affording Plaintiff the benefit of any doubt as a pro se litigant, *Balistreri*, 901 F.2d at 699, Plaintiff's error as to Defendant's title does not demonstrate that Defendant was not Plaintiff's primary care provider.  Defendant further argues that because she denied the allegation that she was Plaintiff's primary health care provider in her Answer, the Complaint fails to state a claim.  Def.'s Supp. Reply at 2.  When considering a Rule 12(c) motion, however, the court must accept as true all factual allegations in the complaint, and construe them in the light most favorable to the non-moving party.  *Fleming,* 581 F.3d at 925.  The court therefore cannot address any assertion in Defendant's Motion that the Answer rebuts evidence in the Complaint.

In sum, the court DENIES Defendant's Motion for Judgment on the Pleadings.

## B.    Failure to Exhaust Under the PLRA

In the alternative, Defendant argues that Plaintiff has failed to exhaust his administrative appeals against Defendant.  Specifically, Defendant argues that Plaintiff failed to exhaust his claims against her because she was unnamed in the

April 30 grievance, and that Plaintiff has not adequately exhausted those claims

which arise out of his first level interview with Plaintiff.  Based on the following,

the court disagrees.

Defendant first argues that Plaintiff has not adequately exhausted his

grievances because he did not mention Defendant by name.  Specifically naming a

defendant in an initial grievance, however, is not a necessary element of exhaustion.

*See Guevara v. Ralls*, 2010 WL 1779974, at *4 (E.D. Cal. Apr. 29, 2010), *adopted*

*by* 2010 WL 2197531 (E.D. Cal. May 28, 2010) (allowing a complaint against a

defendant unnamed in the original grievance to continue because the facts forming

the basis of plaintiff's claim were "*related to the underlying incident*" mentioned in

plaintiff's grievance) (emphasis added); *see also Butler v. Adams*, 397 F.3d 1181,

1183 (9th Cir. 2005) (rejecting the argument that an inmate did not properly exhaust

because he failed to name specific defendants in his prison grievance form); *cf.*

*Jones v. Bock*, 549 U.S. at 218 (rejecting a per se rule that would require plaintiffs

to name particular officials as a prerequisite to proper exhaustion).  Plaintiff was

only required to fully complete the inmate appeal form,[4] *Butler*, 397 F.3d at 1183,

and to provide the prison with enough information to adequately address his

---

[4]  Plaintiff completed an Inmate Appeals Form 602.  Form 602 requires an inmate to
"describe the problem" and "request a solution," which Plaintiff did.  Form 602 does not require
that an inmate specifically name a defendant.  *See* Compl. Ex. F at 3.

grievance. *See Griffin v. Arapio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("A grievance [must] alert the prison to the nature of the wrong for which redress is sought." (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002))).  Here, both requirements were satisfied,[5] and therefore Defendant's contention that Plaintiff failed to exhaust his administrative remedies because he did not initially name Defendant in the April 30 grievance lacks merit.

Second, Defendant contends that even if Plaintiff properly exhausted some claims against Defendant, his claims against Plaintiff arising out of the first level interview were not properly exhausted.  A plaintiff cannot satisfy the exhaustion requirement by making new allegations in a later appeal that were not included in the initial grievance.  *See Henderson v. Rodriguez*, 2009 WL 817750, at *3 (E.D. Cal. March 27, 2009), *adopted by* 2009 WL 1574874 (E.D. Cal. June 3, 2009) (holding that plaintiff had not exhausted his administrative appeals because his cause of action was based on claims of retaliation, and retaliation was discussed in his third formal appeal but not in his initial grievance).  But Plaintiff did not raise unrelated allegations during the exhaustion process -- Plaintiff's claims of deliberate indifference due to the initial failure to treat Plaintiff's Hepatitis C and

---

[5]  It is also undisputed that Plaintiff completed all three levels of the administrative appeals process as required by California law.  *See* Compl. Ex. F at 2.

14

further claims arising out of the interview process are united by the common thread of failure to acknowledge Plaintiff's requests for treatment.  As a result of the April 30 grievance, the prison officials received information sufficient to notify them of the medical staff's alleged failure to treat Plaintiff, the harm which forms the basis of Plaintiff's allegations against Defendant both before and after his first level interview.  Because the April 30 grievance allowed prison officials to rectify these harms, Plaintiff has successfully exhausted his claims.

## V.  CONCLUSION

Based on the foregoing reasons, the court DENIES Defendant's Motion for Judgment on the Pleadings, or in the Alternative, an Unenumerated Motion to Dismiss.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 29, 2010.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Arreola v. Dudley*, Civ. No. 2:08-00805 JMS, Order Denying Defendant's Motion for Judgment on the Pleadings, or in the Alternative, an Unenumerated Motion to Dismiss