THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR ARREOLA,<br><br>Plaintiff,<br><br>vs.<br><br>G. DUDLEY,<br><br>Defendant. | ) | CIVIL NO. 2:08-00805 JMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING HIS MOTION TO APPOINT COUNSEL |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING HIS MOTION TO APPOINT COUNSEL**

On April 15, 2008, pro se Plaintiff Oscar Arreola ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. On June 21, 2010, Plaintiff filed a Motion to Appoint Counsel, which the court denied on June 29, 2010 (the "June 29 Order"). On July 23, 2010, Plaintiff filed a Motion for Reconsideration of the June 29 Order. After careful consideration, the court DENIES Plaintiff's Motion for Reconsideration.

A motion for reconsideration filed within ten days of entry of judgment is considered under Federal Rule of Civil Procedure 59(e); a later-filed motion is considered under Rule 60(b). *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008) (quoting *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)).

Here, Plaintiff requested reconsideration on July 23, 2010, more than ten days after the court denied his Motion to Appoint Counsel. Although that order was not a final judgment, the court construes Plaintiff's motion as a Rule 60(b) motion. *Clinton v. Dept. of Corrections*, 2008 WL 4821744, at *1 (E.D. Cal. Nov. 4, 2008).

The disposition of a Rule 60(b) motion for relief from judgment is within the sound discretion of the district court. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). Rule 60(b) provides for relief upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment or that "applying [the judgment] prospectively is no longer equitable;" or (6) "extraordinary circumstances" that justify relief. Because Plaintiff appears to argue that the court erroneously applied the law, the court examines his claims under both Rule 60(b)(1) and (6). *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 440 n.7 (9th Cir. 2007).

Pursuant to Eastern District of California Local Rule 230(j), when a party requests reconsideration, it must set forth the material facts and circumstances surrounding the motion for which reconsideration is sought, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion." To prevail, "a

party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Hansen v. Schubert*, 459 F. Supp. 2d 973, 998 (E.D. Cal. 2006).

Plaintiff argues that reconsideration is appropriate because (1) this case presents extremely complex legal issues and a trial may require the cross-examination of witnesses, and (2) Plaintiff is "illiterate." Neither basis supports reconsideration. A district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (*citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive, and both must be viewed together before reaching a decision on request for counsel under § 1915. *Id.*; *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Up to this point, Plaintiff has successfully articulated his claims, and the legal issues presented by this case do not appear exceptionally complex.

Additionally, Plaintiff has not demonstrated a serious likelihood of success on the merits. While Plaintiff argues that this case will involve conflicting testimony and that counsel would allow him to more effectively cross-examine witnesses and present evidence, these are hardly extraordinary circumstances -- they are present in almost every civil trial. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Further, Plaintiff's argument that he is "illiterate" is belied by his handwritten Complaint and his previous motion requesting more time in the law library. Even if Plaintiff were "illiterate," standing alone that claim does not demonstrate the "extraordinary circumstances" required for the court to request voluntary assistance of counsel.

///

///

///

///

///

///

///

Accordingly, the court DENIES Plaintiff's Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 12, 2010




*/s/ J. Michael Seabright*
*J. Michael Seabright*
*United States District Judge*

*Arreola v. Dudley*, Civ. No. 2:08-00805 JMS, Motion for Reconsideration of the Order Denying Plaintiff's Motion to Appoint Counsel