THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSCAR ARREOLA, | ) | CIVIL NO. 2:08-00805 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO COMPEL AND |
| vs. | ) | GRANTING DEFENDANT'S |
| | ) | MOTION FOR AN ORDER |
| G. DUDLEY, | ) | PERMITTING WITHDRAWAL OF |
| | ) | ANSWERS |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND
GRANTING DEFENDANT'S MOTION FOR AN ORDER PERMITTING
WITHDRAWAL OF ANSWERS**

**I.  INTRODUCTION**

On April 15, 2008, pro se prisoner Oscar Arreola ("Plaintiff") filed

this civil rights action pursuant to 42 U.S.C. § 1983.  On June 2, 2010, Plaintiff

served Defendant G. Dudley ("Defendant") with his Request for Admissions

pursuant to Federal Rule of Civil Procedure 36.  On July 16, 2010, Defendant

served her Response to Plaintiff's Request for Admissions.  Likely due to delays in

the prison mail system, Plaintiff filed a Motion to Compel on July 23, 2010,

demanding an answer to his Request for Admissions and seeking damages.  On

August 5, 2010, Defendant filed an Opposition and a Motion for an Order

Permitting Withdrawal of Answers ("Defendant's Motion to Withdraw

Admissions").  For the following reasons, the court DENIES as moot Plaintiff's

Motion to Compel, GRANTS Defendant's Motion to Withdraw Admissions, and

DENIES Plaintiff's request for damages.

## II.  ANALYSIS

### A.      Plaintiff's Motion to Compel

Defendant has already served a response to Plaintiff's Request for

Admissions -- indeed, she did so before Plaintiff filed his Motion to Compel.  Decl.

of Christina Carrol ¶ 3.  The court therefore DENIES as moot Plaintiff's Motion to

Compel.

### B.      Defendant's Motion to Withdraw

Pursuant to Rule 36(a)(3), Defendant admitted the matters set forth in

Plaintiff's Request for Admissions because Defendant failed to respond within

thirty days.  Defendant now moves to withdraw three of these admissions under

Rule 36(b).  Specifically, Defendant requests to withdraw her admissions to

Requests 10, 11, and 12.[1]  Defendant seeks to withdraw her admissions to Requests

---

[1]  Requests for Admission 10, 11, and 12 provide:
> Request for Admission No. 10: Defendant G. Dudley
> please admit to the following: Did plaintiff test positive for the
> Hepatitis-C virus and were you awere [*sic*] of plaintiff's positive
> tests upon plaintiff's interview of June-12-2007.
> Request for Admission No. 11: Defendant G. Dudley
> please admit to the following: Upon our June-12-2007 interview

(continued...)

10 and 12 because they misstate by one day the date of Defendant's interview with

Plaintiff.  Decl. of Christina Carroll, Ex. A at 5-6.  Defendant also requests to

withdraw her admission to Request 11 because the request states that Defendant

told Plaintiff that he "did not have Hepatitis C and never had Hepatitis C."  *Id.*

Defendant contends that this admission is false and that she informed Plaintiff that

"his most recent test results showed his Hepatitis C virus at undetectable levels."

*Id.*  Based on the following, the court GRANTS Defendant's request to withdraw

her admissions to Requests 10, 11, and 12.

        Rule 36(b) allows the court to permit the withdrawal of an admission

"if it would promote the presentation of the merits of the action and if the court is

not persuaded that it would prejudice the requesting party in maintaining or

defending the action on the merits."  In addition to the two prongs of Rule 36(b),

courts may also consider other factors, "including whether the moving party can

---

[1](...continued)
> when you had plaintiffs [*sic*] medical files and advised plaintiff
> that he did not have Hepatitis-C and never had Hepatitis-C.  Were
> you aware of plaintiffs [*sic*] positive test dated 10-14-2004 and
> another test dated 5-5-05 and the other dated 8-6-2005.
>         Request for Admission No. 12: Defendant G. Dudley
> please admit to the following: Were you aware [*sic*] upon our
> June-12-2007 interview that plaintiff had been vaccinated for the
> (Hepatitis-A) and (Hepatitis-B [*sic*]) after testing positive for the
> Hepatitis-C virus.

Decl. of Christina Carroll, Ex A. at 5-6.

show good cause for the delay and whether the moving party appears to have a

strong case on the merits." *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir.

2007).

        The first prong of Rule 36(b) "essentially asks if allowing the

withdrawal will aid in the resolution of the case." *Gallegos v. City of Los Angeles*,

308 F.3d 987, 993 (9th Cir. 2002).  This prong "is satisfied when upholding the

admissions would practically eliminate any presentation of the merits of the case,"

*Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995), and when the

admissions "do not accurately portray the facts as relied on by the parties to date,

and might allow plaintiff to make arguments not based on fact." *Hunt v. McKay*,

2007 WL 1299789, at *2 (E.D. Cal. May 3, 2007); *see also Arguello v. Lee*, 2008

WL 4997501, at *2 (D. Idaho, May 14, 2008) (finding the first prong of Rule 36(b)

satisfied when a false admission "materially affects the [plaintiff's] liability").

        The second prong of Rule 36(b) focuses on the prejudice that a party

will suffer at trial.  *Conlon*, 474 F.3d at 623.  Prejudice is more likely to occur

"when the motion for withdrawal is made in the middle of trial." *Hadley*, 45 F.3d

at 1348 (holding that the non-moving party would not be prejudiced by withdrawal

of admissions despite their inability to interview some witnesses before trial); *see*

*also Conlon*, 474 F.3d at 623 (finding a "close case" when a district court allowed

a party to withdraw admissions eight days before trial).

 In the present case, Plaintiff served Defendant with his Request for

Admissions on June 2, 2010.  Defendant filed her Response forty-four days later --

fourteen days after the deadline -- apparently due to an attorney's calendering

error.  Decl. of Christina Carroll ¶ 4.  Although her filing was late, Defendant

responded well before the written discovery and dispositive motions deadline.

Doc. No. 26.

 Defendant meets the first prong of the Rule 36(b) test because

allowing Defendant to withdraw her admissions will aid in the resolution of the

case.  If Defendant's admissions are not withdrawn, she will have admitted facts

which she claims are false, which may allow Plaintiff to make arguments not based

on fact.  *Hunt*, 2007 WL 1299789, at *2.  Allowing Defendant to clarify the date

when the interview occurred by withdrawing her admissions to Requests 10 and 12

will aid in the resolution of the case by eliminating unnecessary confusion.

Additionally, upholding the admission in Request 11 could practically eliminate

presentation of the merits of this case because Defendant's alleged statement to

Plaintiff during the June 11, 2007 interview is a central element of Plaintiff's

deliberate indifference claim.

 Defendant also meets the second prong of Rule 36(b), as she filed her

Motion to Withdraw Admissions well before trial. When Defendant filed her

Motion, the court had not yet ruled on her Motion for Judgment on the Pleadings,

and neither the written discovery deadline nor the dispositive motions deadline had

passed.  Accordingly, the withdrawal of Defendant's admissions will not unfairly

prejudice Plaintiff's preparations for trial.

Finally, Defendant appears to have a strong case on the merits.  While

Defendant erred in failing to respond in a timely manner, her failure is somewhat

understandable given the common practice in the Eastern District of California of

extending the deadline to file responses to requests for admissions to forty-five

days in pro se prisoner cases.  *See* Decl. of Christina Carroll ¶ 4.

Accordingly, the court GRANTS Defendant's Motion for an Order

Permitting Withdrawal of Answers.  The court therefore Orders that Requests for

Admissions 10, 11, and 12 are *not* deemed admitted and the answers already

provided by Defendant shall serve as her answers to these three Requests for

Admissions.

C.     **Plaintiff's Request for Damages**

Plaintiff seeks damages because of the "expenses and necessary time

and effort to obtain discovery" and requests reimbursement for any expenses

connected with filing his Motion.  Pl.'s Mot. at 4.  Rule 37(a)(5) requires a party

who fails to respond to a request for admissions to pay the other party's reasonable

expenses in making a motion to compel if the requested disclosure is not provided

until after a motion to compel is filed.  In this case, Defendant responded to

Plaintiff's Requests for Admissions on July 16, 2010, before Plaintiff's Motion

was filed on July 23, 2010.  Rule 37(a)(5) thus provides no relief.  Further, Plaintiff

points to no specific expenses incurred as a result of the fourteen day delay.

Accordingly, the court DENIES Plaintiff's request for damages.

### III.  CONCLUSION

Plaintiff's Motion to Compel and requests for monetary relief are

DENIED.  Defendant's Motion for an Order Permitting Withdrawal of Answers is

GRANTED.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaii, August 13, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Arreola v. Dudley*, Civ. No. 2:08-00805 JMS, Order Denying Plaintiff's Motion to Compel and
Granting Defendant's Motion for an Order Permitting Withdrawal of Answers